MARCELLUS LE PAGE, on His Own Behalf and on Behalf of Others Similarly Situated Who Will Come in and Contribute to the Expense of the Action, Respondent, v. AUTOMOBILE CLUB OF NEW YORK, INC., Appellant.— Order denying defendant's motion to dismiss the complaint for insufficiency, or to require plaintiff to separately state and number his causes of action, reversed on the law, without costs, and motion granted to the extent of dismissing the complaint, without costs, with leave to plaintiff to serve an amended complaint within twenty days after the entry of the order hereon. The allegations of the complaint to the effect that the defendant is wilfully and knowingly advertising for sale gasoline of a brand named which plaintiff sells at retail pursuant to a price-fixing contract are sufficient to constitute a cause of action, in accordance with the provisions of section 2 of chapter 976 of the Laws of 1935, in so far as concerns the six dealers alleged in the complaint to have entered into a contract with defendant to cut the price to the latter's members. This action is maintainable because the plaintiff has an interest in the good will of the trade name of the gasoline which he

sells, which is a property right. (*Port Chester Wine & Liquor Shop, Inc.*, v. *Miller Bros.*, 253 App. Div. 188; *Old Dearborn Co.* v. *Seagram Corp.*, 299 U. S. 183.) The complaint is insufficient, however, with respect to contracts entered into between the defendant and dealers who sell gasoline bearing trade names other than that sold by the plaintiff. Plaintiff has no interest in such trade names. His contract with his distributor affords him no right to insist upon resale price maintenance of other gasolines. That portion of the complaint which is sufficient is so inextricably interwoven with that which is insufficient that the complaint in its entirety must be dismissed, with leave, however, to the plaintiff to serve an amended complaint in accordance with the foregoing. The gravamen of the action, of course, is the advertising of a discount wilfully and knowingly by the defendant. Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Carswell, J., concurs in the result.